IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

DUKE ENERGY INDUSTRIAL SALES,
LLC, et al.,

                  Plaintiffs,

v.                                      CIVIL ACTION NO.  5:11-cv-00092

MASSEY COAL SALES COMPANY, INC.,

                  Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Massey Coal Sales, Inc.'s Motion to Dismiss for Lack of Venue, or, in the Alternative, to Transfer Pursuant to 28 U.S.C. §§ 1406(a) or 1404(a)* (Document 11).

**I. BACKGROUND**

Plaintiffs, Duke Energy Industrial Sales, LLC ("DEIS"), DEGS of Narrows, LLC, Duke Energy Generations Services, Inc.("DEGS"), and Duke Energy Generations Services Holding Company, Inc., ("DEGS Holding Company") are all organized or incorporated under the laws of the State of Delaware, and each has its principal place of business in Cincinnati, Ohio. (Compl. ¶¶ 1-4.) Defendant, Massey Coal Sales Company, Inc., ("MCS") is incorporated in Virginia with its principal place of business in Richmond, Virginia. *Id*. at ¶ 5.  On February 9, 2011, Plaintiffs instituted this action alleging breach of contract, promissory estoppel, and misrepresentation by Defendant in an amount that exceeds Seventy-Five Thousand Dollars ($75,000.00). *Id.* at ¶ 7.

Plaintiffs claim that on June 22, 2007, MCS sent a letter to DEIS offering to supply one hundred percent (100%) of the coal required by a chemical manufacturing facility located in

Narrows, Virginia, at Fifty-Four Dollars ($54.00) per ton. *Id.* at ¶ 12.  The chemical manufacturing facility is owned by Celanese Acetate, LLC, a non party. *Id.* at ¶ 8.  Plaintiffs further allege that David Beck, an employee of Plaintiff DEIS, contacted Gary Smith of MCS and accepted the offer on or about August 17, 2007. *Id.* at ¶ 13.  Plaintiffs also claim this agreement was reaffirmed on several other occasions over the next few months.  One of the reaffirmations allegedly took place at Massey Energy's Mammoth complex in Kanawha County, West Virginia. *Id.* at ¶¶ 21, 23, 24, 26, 28, 29, 31.

On March 2, 2011, Defendant filed this motion to dismiss for lack of venue, or, in the alternative, to transfer venue. Defendant makes two arguments that the Complaint should be dismissed for lack of venue. First, Defendant argues that venue is improper under 28 U.S.C. § 1391(a)(1) because MCS "is a Virginia corporation with its principal place of business in Richmond, Virginia." (Document 11 at 6).  Secondly, Defendant argues venue is improper under 28 U.S.C. § 1391(a)(2) because Plaintiffs' Complaint is "void of any act or omission in West Virginia, let alone one that forms 'a substantial part of the events or omissions giving rise to the claim.'" *Id.* (emphasis removed) (Citing 28 U.S.C. § 1391(a)(2)).

In the alternative, Defendant moves for a transfer of venue from the Southern District of West Virginia to the Eastern District of Virginia as a more convenient forum under 28 U.S.C. § 1404(a). (Document 11 at 7).

## II.  MOTION TO DISMISS

Defendant moves to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure.  In this case, the Court's jurisdiction is founded solely on diversity of citizenship.

Thus, venue may be proper "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ." 28 U.S.C. § 1391(a) (2006). (subsection (a)(3) omitted because it is not applicable to this case). When a defendant challenges improper venue under Rule 12(b)(3), "the plaintiff bears the burden of establishing that venue is proper." *Bartholomew v. Va. Chiropractors Ass'n*, 612 F.2d 812, 816 (4th Cir. 1979)

For the purposes of venue, a corporation, such as Defendant, "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c) (2006). Although a corporation may only reside in two places, its principal place of business and its state of incorporation, for the determination of diversity jurisdiction, a corporation resides in every district in which it is subject to personal jurisdiction for venue purposes. 28 U.S.C. §§ 1391(c), 1332 (2006). Further, a party's failure to challenge personal jurisdiction in its first responsive pleading waives personal jurisdiction as a defense. Fed. R. Civ. P. 12(h)(1). *See Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir. 1991). "[I]f a corporate defendant waives its right to object to personal jurisdiction, then the corporation has ipso facto consented to venue under... [28 U.S.C. § 1391], regardless of what contacts exist between the corporation and the district." 14D Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, Catherine T. Struve, Vikram D. Amar, *Federal Practice & Procedure* § 3811.1(3d ed. 2011). *See also Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F.Supp.2d 1039 (D.C.Ohio 2002); (defendant that did not challenge district court's personal jurisdiction conceded that defendant resided in district for purposes of venue, and, thus, waived challenge to improper venue); *Alpha Tau Omega Fraternity v. Pure Country*, Inc., 185 F.Supp.2d 951 ( D.C. Ind.2002)(defendant agreed to

3

venue by waiving any objection to personal jurisdiction); *Thomas v. Lockheed Martin Corp.*, 2006 WL 1174026 (D.Kan. 2006)(corporate defendant objected to venue but failed to raise lack of personal jurisdiction in its motion, and that defense has been waived; accordingly, the court has personal jurisdiction over the defendant and venue therefore is proper under Section 1391(c))*; Williams v. Terex Corp.*, 2001 WL 1486228 (D.C.Pa.2001) (defendant corporations' failure to object to personal jurisdiction rendered venue proper); *Burrell v. State Farm Fire & Cas. Co.*, 2001 WL 797461 (D.C.N.Y.2001) (venue proper when defendant corporations failed to contest personal jurisdiction).

Defendant raises improper venue in its motion to dismiss, but fails to challenge personal jurisdiction. (Document 11). Thus, Defendant has waived any objection it may have had that this Court has personal jurisdiction over it. *Id*. Further, because Defendant is subject to personal jurisdiction in the Southern District of West Virginia, it is deemed to reside here for the purposes of venue under § 1391(c). The Court finds venue is proper here because Defendant is a corporation that is subject to personal jurisdiction, by its waiver, in this District. Since venue is proper under § 1391(a)(1), the Court need not address whether a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in the Southern District of West Virginia. Accordingly, Defendant's motion to dismiss for improper venue is denied.

### III. MOTION FOR TRANSFER OF VENUE

Defendant, alternatively, moves this Court to transfer this case to the Eastern District of Virginia because it is a more convenient venue under 28 U.S.C. § 1404(a). Although transfer under 28 U.S.C. §1406 would be inappropriate, given that venue is proper in West Virginia, the Court

may, in the interest of justice, transfer this case for the convenience of the parties and witnesses to a district where it might have been brought pursuant to 28 U.S.C. § 1404(a). Defendant bears the burden of showing the venue is inconvenient. *Leonard v. Mylan*, 718 F. Supp. 2d 741, 745 (S.D. W. Va. 2010). Further, Plaintiff's forum selection is accorded considerable weight. *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir.1984). Moreover, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

A transfer motion under Section 1404(a) must be adjudicated on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "Factors commonly considered in ruling on a transfer motion include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice." *AFA Enters., Inc. v. American States Ins. Co.*, 842 F. Supp. 902, 909 (S.D. W. Va.1994); *See Leonard,* 718 F. Supp. at 744 (S.D. W. Va. 2010).

With respect to ease of access to sources of proof, the parties agree that, because of the nature of this contractual dispute, much of the evidence will be in both Cincinnati, Ohio, and Richmond, Virginia, where the parties are headquartered. The parties dispute whether discovery will produce any of the evidence that is located in West Virginia. With respect to convenience of the parties and witnesses, this District would be equally convenient (or inconvenient) because of the Southern District of West Virginia's proximity between Cincinnati and Richmond. If venue were

transferred, the cost or burden of obtaining attendance of witnesses would be shifted from being shared by the parties to being bourne primarily by Plaintiffs.

Defendant argues that public interest factors support transfer of venue to the Eastern District of Virginia. Specifically, Defendant claims that West Virginia has no local interest in this case. Plaintiffs, on the other hand, argue that some of the coal, which is the subject of the contract, was to come from West Virginia. This, however, is in dispute. Defendant claims that the purported contract never indicated that the coal would come from West Virginia.. Since this issue is part of the dispute between the parties, the Defendant cannot carry its requisite burden of establishing inconvenience as it relates to local or public interest.

"A transfer motion will be denied if it would merely shift the inconvenience from the defendant to the plaintiff." *AFA,* at 842 F. Supp. 909 (citing *Van Dusen v. Barrack* 376 U.S. 612, 645 (1964)). In the case before us, if the Court transferred venue to the Eastern District of Virginia, it would simply shift any potential inconvenience from being shared by Defendant and Plaintiffs to being bourne primarily by Plaintiffs. Accordingly, after giving careful consideration to the interests of justice, to the relevant factors, and having given appropriate weight to Plaintiffs' choice of forum, the Court finds the balance does not weigh heavily in favor of Defendant. Therefore, Defendant's alternative motion for transfer of venue pursuant to Section 1404(a) should denied.

## CONCLUSION

WHEREFORE, as discussed herein, the Court does hereby **ORDER** that *Defendant Massey Coal Sales, Inc.'s Motion to Dismiss for Lack of Venue, or, in the Alternative, to Transfer Pursuant to 28 U.S.C. §§ 1406(a) or 1404(a)* (Document 11) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 7, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA