IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DUKE ENERGY INDUSTRIAL SALES,
LLC, et al.,

          Plaintiffs,

v.                                        CIVIL ACTION NO.   5:11-cv-00092

MASSEY COAL SALES COMPANY, INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Plaintiffs' Motion for Summary Judgment on Damages* (Document 161-1) and *Defendant's Cross Motion for Summary Judgment on Plaintiffs' Damages* (Document 179). After consideration of the parties' motions, memoranda in support thereof and in opposition thereto, the attached exhibits and the entire record, the Court, for the reasons stated herein, denies both motions.

*I.*

On July 18, 2012, the Court entered an Order granting Plaintiffs' Duke Energy Industrial Sales, LLC ("DEIS"), DEGS of Narrows, LLC ("DEGS-Narrows"), Duke Energy Generations Services, Inc. ("DEGS"), and Duke Energy Generations Services Holding Company, Inc., ("DEGS Holding Company") motion for summary judgment on their claim for breach of contract (Count I) against Defendant Massey Coal Sales Company, Inc., ("Massey") finding that the 2005 Agreement between DEIS and Massey was extended through 2008 by the evergreen provision contained in the 2005 Letter Amendment. (Document 154 at 14.)   Thereafter, the parties agreed that the 2005 Agreement was the law of the case and the Court granted the Defendant's Motion for Summary

Judgment on Plaintiffs' claims for promissory estoppel and misrepresentation. (Document 166). On August 14, 2012, the Court granted Plaintiffs leave to file a motion for summary judgment on damages, and set an expedited briefing schedule for arguments relative to the motion. (Document 178).

In support of summary judgment on damages, Plaintiffs argue no question of material fact remains surrounding the calculation of damages under the 2005 Agreement, and further argue they are entitled to damages in the amount of the difference between the "cover" coal purchased and the contract price multiplied by the amount of tons of coal that were to be sold to Plaintiffs by Massey during 2008. Paragraph 16(a) of the 2005 Agreement provides in part:

> [I]f seller fails to deliver all or part of the Quantity of Coal to be delivered hereunder pursuant to the monthly Delivery Schedule, Seller shall pay to the buyer for each ton of deficiency (the 'Deficiency') an amount equal to the positive difference, if any, obtained by subtracting the Contract Price for the Deficiency from the Replacement Price. 'Replacement Price' means the price at which Buyer, acting in a commercially reasonable manner, purchases substitute Coal for the Deficiency[.]

(2005 CSA ¶ 16(a).) Plaintiffs contend DEIS purchased 369,142 tons of "cover" coal, which falls within allowable requirements of a minimum of 350,000 and a maximum of 410,000 short tons of coal for the Celanese Plant in 2008. Plaintiffs attach an exhibit which "lists the exact prices paid by DEIS for each ton of replacement coal, as set forth in the contracts and invoices." (Document 161-2 at 3.) Applying the formula set forth in Paragraph 16(a), Plaintiffs argue "the positive difference between the Contract Price for the Deficiency ($54/ton) and the Replacement Price (weighted average of $91.90/ton) for the 'cover' coal purchased is $13,990,801." (*Id.*) Plaintiffs contend that "DEIS is expressly entitled to recover this amount [$13,990,801] as damages for Massey's breach." (*Id.*) Further, DEIS argues "it is also entitled to an award of prejudgment interest on this amount." (*Id.*) Plaintiffs argue that West Virginia law applies to the award of prejudgment interest and is "recoverable as a matter of law and must be calculated starting when the cause of action accrued, as

2

determined by the Court." (*Id.*) Plaintiffs argue the date of accrual is January 25, 2008. (*Id*. at 3-4.) Thus, applying the 7% prejudgment interest rate in W. Va. Code § 56-6-31, Plaintiffs ask that judgment be entered for the Plaintiffs in an "amount of $13,990,723.26, plus prejudgment interest at a rate of 7% per year from January 25, 2008 through the date on which judgment is entered." (*Id*. at 4.)

On August 14, 2012, Massey filed its Cross Motion for Summary Judgment on Plaintiffs' Damages (Document 179). Massey argues it is entitled to summary judgment because Plaintiffs cannot recover damages under the 2005 Agreement for the following reasons:

> 1. Plaintiffs failed to satisfy mandatory conditions precedent to recover damages under the 2005 Agreement, and
>
> 2. Plaintiffs have used the wrong measure of damages under the 2005 Agreement and thus cannot prove their damages to a reasonable certainty.

(Document 179 at 2.) In support of its first ground, Massey argues Plaintiffs failed to satisfy conditions precedent to their damages claims for three reasons. First, Massey argues DEIS did not give proper notice of default under Paragraph 21 of the 2005 Agreement, which required DEIS to give written notice of default within three business days of Massey's default. (Document 180 at 3-4) Second, Massey argues a party "can only accelerate the parties' respective obligations under the agreement only by 'establishing and notifying the Defaulting Party of an early termination date (which shall be no earlier than the date such written notice is received and no later than twenty (20) days after the date of such notice) on which this and any other Coal Agreement shall terminate ('Early Termination Date').'" (*Id*. at 4) (citing 2005 Agreement ¶ 22.) Finally, Massey argues the 2005 Agreement prescribes "a specific dispute resolution procedure that required the parties to meet and attempt to resolve their dispute, and if the parties were unable to resolve the dispute, arbitration was the exclusive recourse." (*Id*.) (citing 2005 Agreement ¶ 36.) Massey argues it did not waive the notice of default and the dispute resolution provisions of the 2005 Agreement, and Plaintiffs' failure

3

to comply with such conditions precludes them from recovering damages under the 2005 Agreement. (Document 180 at 6.)

Massey also argues it is entitled to summary judgment because Plaintiffs cannot prove damages to a reasonable degree of certainty. In support, Massey argues the Plaintiffs calculated their damages on the amount of coal delivered to the Celanese Plant in 2008, but the 2005 Agreement was based on the coal actually burned at the Celanese Plant. (*Id*. at 7-8.) Thus, Massey argues that "[b]y utilizing the improper method and factual foundation of calculating their damages, Plaintiffs have failed to carry their burden of proving their damages with reasonable certainty, and their claim for damages must fail." (*Id*. at 8.) Massey further argues that it is "only potentially liable for the replacement price of 300,232 tons of coal." (*Id*. at 10.)

In response to Plaintiffs motion for summary judgment, Massey argues genuine issues of material fact preclude summary judgment in favor of Plaintiffs. First, Massey argues a genuine issue of material fact exists with respect to privity of contract, an issue which this Court (in its July 18, 2012 Memorandum Opinion and Order (Document 180 at 11-12 citing Document 154 at 15)) held in abeyance until trial. Second, Massey argues genuine issues of material fact remain as to whether DEIS acted in a "commercially reasonable manner" in its purchase of replacement coal as required by Paragraph 16(a) of the 2005 Agreement. (Document 180 at 12-14.) Third, Massey argues that even if Plaintiffs are able to proceed with their theory of damages, genuine issues of material fact exist with respect to the total tonnage of coal for which Massey is responsible. (*Id*. at 14-15.) Finally, Massey argues that Virginia law applies to the Plaintiffs' claim for prejudgment interest and under Virginia law, prejudgment interest is a question for the jury. (*Id*. at 15-18.) Even if prejudgment interest is appropriate under Virginia law, Massey argues the date of accrual is August 23, 2010, rather than January 25, 2008. (*Id*. at 18-19.)

4

On August 15, 2012, Plaintiffs filed a reply in support of their motion for summary judgment. (Document 183). Plaintiffs submitted a reduced replacement coal tonnage amount of 364,234 tons. (Document 183 at 3.) Plaintiffs contend no dispute exists that the contract price was $54 per ton and the average replacement price was $91.96 per ton, which entitles plaintiffs to the difference of $13,825,059.09 plus prejudgment interest. (*Id*.) First, Plaintiffs argue no genuine issue of material fact exists with respect to privity because DEIS is a party to the contract and Plaintiffs' motion for summary judgment does not rely on the Celanese arbitration award for damages but rather an amount equal to the positive difference between the contract price for the deficiency from the replacement price. (*Id*. at 3.) Second, Plaintiffs argue no genuine issue of fact exists because DEIS' "cover" purchases were commercially reasonable as a matter of law. (*Id*. at 6-10.) Third, Plaintiffs argue no genuine issue of material fact exists with respect to the total amount of coal tonnage that Massey is responsible for under the 2005 Agreement. (*Id*. at 10-11.) Finally, Plaintiffs argue DEIS is "entitled, as a matter of law, to receive prejudgment interest on its damages award of $13,825,059.09." (*Id*. at 11-15.)

Plaintiffs also filed a response to Massey's cross motion for summary judgment. Plaintiffs argue Massey's arguments are not against damages, but against liability under the 2005 Agreement. Plaintiffs argue Massey "consciously chose *not* to litigate its 'conditions precedent' arguments during the dispositive motions phase on liability." (Document 184 at 1.) With respect to notice of default, Plaintiffs assert Defendant's argument, in this regard, is barred because Massey's refusal to perform its obligations under the contracted excused DEIS from any remaining obligations under the 2005 Agreement. Consequently, Plaintiffs contend that Massey's repudiation of its obligations relieves DEIS of its obligation to give notice of a breach and an opportunity to cure. (*Id*. at 2.) With respect to Massey's arbitration argument, Plaintiffs respond that Massey waived its right to enforce the

5

arbitration provision of the 2005 agreement because it "substantially utilize[ed] the litigation machinery." (*Id*. at 3) (quoting *Maxum Foundations, Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985)).

Plaintiffs also respond that Paragraph 16(a), which the parties agree controls the potential damages, does not factor the terms 'burn rate' or 'coal burned' into the damages computations. (Document 184 at 3-6.) Plaintiffs further contend Massey previously demanded that Paragraph 16(a) be enforced as the sole source of Plaintiffs' damages. (*Id*. at 4.)

In reply, Massey argues it did not waive the notice of default or the binding dispute resolution procedures by litigating this case. Specifically, Massey argues that it could not have waived the conditions precedent because Plaintiffs did not identify the source of its damages until after the close of discovery. Massey contends that Plaintiffs did not identify the 2005 Agreement as part of their breach of contract claim until April 9, 2012, when the Plaintiffs' advanced the extension of the 2005 Agreement as one of three contract theories. (Document 185 at 6.) Massey argues that the 2005 Agreement was not actually the controlling law of the case until the Court granted Plaintiffs' motion for summary judgment on July 18, 2012. (*Id*.) Thereafter, Massey argues Plaintiffs finally agreed to dismiss their promissory estoppel and misrepresentation claims pursuant to the terms of the 2005 Agreement. (*Id*.)

Massey also argues the "first breach doctrine" does not apply to relieve the non-breaching party from compliance with the contractual provisions that expressly apply in the event of a breach. (*Id*. at 7) Massey further argues it has not waived its right to arbitration under the agreement because it could not have raised the notice and arbitration provisions of the contract, until the Court determined the 2005 Agreement was extended through 2008 on July 18, 2012. Massey contends a court cannot enforce an arbitration provision until after first deciding that a contract exists and that it

6

could only raise the notice and arbitration provisions after David Beck's August 7, 2012 corporate representative deposition.

Also, in reply, Massey argues it is entitled to summary judgment on Plaintiffs' damages because Plaintiffs cannot prove their damages with a reasonable degree of certainty because the Plaintiffs passed along their damages to Celanese based on the amount of coal burned by Celanese. (Document 185 at 12.) Moreover, Massey claims the replacement price was to be based on each month's delivery schedule, which Plaintiffs cannot prove with a reasonable degree of certainty.

Massey asserts that no Plaintiff has Article III standing to sue under the 2005 Agreement because DEIS is the only party to the 2005 Agreement and has no damages, while the other Plaintiffs have damages from the Celanese Arbitration, but are not parties to the 2005 Agreement. (*Id*. at 13.) Finally, Massey contends the only potential damages are consequential damages which are not recoverable under the 2005 Agreement. (*Id*.) Because DEIS received payment in full for the replacement coal, Massey contends DEIS suffered no actual injury and, therefore, lacks Article III standing. (*Id*.)

## II.

The well established standard for consideration of a motion for summary judgment is that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A "material fact" is a fact that might affect the outcome of a party's case. *See Anderson*, 477 U.S. at 248; *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

7

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the non-moving party's favor. *Id.* The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23. When determining whether there is an issue for trial, the Court must view all evidence in the light most favorable to the non-moving party. *North American Precast, Inc. v. General Cas. Co. of Wis.*, Civil No.02:04-1306, 2008 WL 906334, *3 (4th Cir. Mar. 31, 2008). The non-moving party must satisfy their burden of proof by offering more than a mere "scintilla of evidence" in support of their position. *Anderson*, 477 U.S. at 252. If the non-moving party fails to make a showing sufficient to establish the existence of an essential element, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23. If factual issues exist that can only be resolved by a trier of fact because they may reasonably be resolved in favor of either party, summary judgment is inappropriate. *Anderson*, 477 U.S. at 250.

### III.

*A. Plaintiffs' Motion for Summary Judgment*

With the exception of the determination of whether prejudgment interest could potentially apply, the parties agree that Virginia law applies to the question of damages pursuant to the choice of law provision of the 2005 Agreement. (2005 Agreement ¶ 31.) Under Virginia Law, "[p]roof of absolute certainty as to the amount of loss or damage is not essential." However, a plaintiff must prove "with reasonable certainty the amount of damages and the cause from which they resulted." *Medcom, Inc. v. C. Arthur Weaver Co., Inc.*, 232 Va. 80, 87 (1986) (internal quotation marks and citations omitted). Ultimately at trial, a plaintiff has the "burden of proving with reasonable

certainty the amount of damages and the cause from which they resulted; speculation and conjecture cannot form the basis of the recovery." *Saks Fifth Ave., Inc. v. James, Ltd.*, 272 Va. 177, 188 (2006) (internal quotation marks and citations omitted). A plaintiff must also "prove the amount of those damages by using a proper method and factual foundation for calculating damages." *Id.* at 189.

After review of the Plaintiffs' motion, the Court finds that genuine issues of material fact exist as to Plaintiffs' damages. In fact, several such issues of fact remain. First, the Court finds the amount of tonnage attributable to Massey's breach remains in dispute. Plaintiffs' tonnage calculation is based on the amount of coal delivered [364,234 tons] to the Celanese plant between February and December 2008. However, there is a dispute as to whether the tonnage amount is to be based on the amount of coal delivered or the amount of coal burned during the relevant period. Although the 2005 Agreement is silent, the conduct of the parties with respect to this issue is in dispute. *See* Pls.' Rule 30(b)(6) Dep. 33:16-35:20 (Document 179 Ex. B); Sears Decl. ¶ 22 (Document 179 Ex. A). If the ultimate amount is determined by the coal burned rather than delivered, then the amount of tons attributable to damages could potentially be closer to 300,000 tons. Second, given the numerous cover purchases made by DEIS during 2008, the Court finds genuine issue of material fact exist as to whether the purchases were made in a commercially reasonable manner. Third, as this Court previously held, there are genuine issues of material fact with the respect to Plaintiffs' privity.

The Court has further considered the minimalist approach Plaintiffs take in the calculation of their damages. At trial, Plaintiffs will be unable to simply put on evidence of the contract price and the cost of the cover coal. Rather, Plaintiffs will need to prove actual loss and, further, that the loss was a result of Massey's breach of the agreement. The Court cannot simply calculate the difference between the contract price and replacement price multiplied by the amount of tons subject to the

9

breached contract. The Court finds genuine issues of fact as to whether *any* Plaintiff suffered *any* cover damages as a result of Massey's breach. Accordingly, the Plaintiffs' motion for summary judgment on damages is denied. In making the finding that genuine issues of material fact remain with respect to Plaintiffs' damages, the Court finds it unnecessary, at this point, to address whether prejudgment interest should be awarded in the event Plaintiffs prove actual damages.

### B. *Defendant's Cross Motion for Summary Judgment*

Massey argues it is entitled to summary judgment because Plaintiffs failed to satisfy the notice of default and arbitration provision under the 2005 Agreement, which it contends contains conditions precedent to Plaintiffs' ability to recover damages. Massey also argues Plaintiffs used the wrong measure of damages under the 2005 Agreement and, thus, cannot prove their damages to a reasonable certainty. To the extent Massey moves for summary judgment on Plaintiffs' failure to properly calculate damages, the Court finds that the same genuine issues of material fact which preclude summary judgment for Plaintiffs, likewise, preclude summary judgment for Massey on such grounds. Therefore, the Court now considers Massey's conditions precedent argument.

Plaintiffs argue that Massey has waived both the notice of default and arbitration provisions of the 2005 Agreement. In reply, Massey argues it could not have waived the conditions precedent because the 2005 Agreement was not actually the controlling law of the case until the Court granted Plaintiffs' motion for summary judgment on July 18, 2012. (*Id.*) Further, Massey contends it could not have possibly made the conditions precedent arguments until after it deposed Mr. Beck on August 7, 2012. However, this is not the case.

On July 26, 2012, Massey filed its Motion for Leave to File Motion for Summary Judgment on Plaintiffs' Promissory Estoppel and Misrepresentation Claims (Document 158), wherein Massey argued Plaintiffs' promissory estoppel and misrepresentation claims were "expressly precluded"

because Paragraph 26 of the 2005 Agreement prohibits suits in equity or tort, and bars recovery for consequential, incidental, or punitive damages. (Document 158 ¶ 4.) The Court granted Massey leave and entered summary judgment in favor of Massey on Plaintiffs' promissory estoppel and misrepresentation claims. Clearly, on July 26, 2012, at the very latest, Massey had the opportunity to advance its arguments that Plaintiffs' breach of contract claim was barred by Plaintiffs' failure to comply with the notice of default and arbitration provisions in the 2005 Agreement. On that date, it moved for summary judgment on the promissory estoppel and misrepresentation claims based on separate provisions in the 2005 Agreement. Massey sought to enforce certain provisions of the 2005 Agreement, but waited to raise the notice of default and arbitration provision until after it received a favorable ruling on the promissory estoppel and misrepresentation claims.

Aside from failing to raise its conditions precedent argument when it sought to enforce other provisions of the 2005 Agreement, Massey could have argued both the arbitration and notice of default grounds in response to Plaintiffs' motion for summary judgment. Although Plaintiffs argued the existence of a contract by extension of the 2005 Agreement, in its motion filed April 9, 2012, Massey never raised its conditions precedent argument. Having utilized and submitted to the litigation process without advancing the argument, the Court finds that Massey's cross motion for summary judgment should be denied.

## CONCLUSION

Thus, based on the findings herein, the Court does hereby **ORDER** that *Plaintiffs' Motion for Summary Judgment on Damages* (Document 161-1) be **DENIED** and *Defendant's Cross Motion for Summary Judgment on Plaintiffs' Damages* (Document 179) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 9, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

12